IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

        Plaintiff,

vs.                                                      CIVIL NO. 13-351 LFG/RHS

THE ISLANDS AT RIO RANCHO
HOMEOWNERS ASSOCIATION;
and ASSOCIA CANYON GATE
REAL ESTATE SERVICES, AAMC,

        Defendants.

**ORDER DENYING PLAINTIFF'S
MOTION TO REOPEN CASE**

THIS MATTER is before the Court on *pro se* Plaintiff Miloslav Muller's ("Muller") Motion to Reopen Case Due to Harmful Procedural Error [Doc. 25]. The Court considered the Motion, Response in Opposition, and Reply.[1] [Doc. Nos. 26, 27.] Oral argument is not necessary.

On October 4, 2013, the Court issued a Memorandum Opinion and Order granting Defendants' Motion to Dismiss with the result that Muller's Amended Complaint and all claims were dismissed, with prejudice. [Doc. 21.] Judgment in favor of Defendants was entered that same day. [Doc. 22.]

---

[1] Two days after Muller filed his reply [Doc. 27], he filed a Notice of Appeal [Doc. 28]. On November 4, 2013, the Tenth Circuit Court of Appeals issued an Order (Appellate Case: 13-2188), noting that in an abundance of caution it was abating the appeal pending the district court's resolution of Muller's present motion to reopen. Now that the Court has ruled on Muller's Motion to Reopen, Muller may proceed in accordance with the Tenth Circuit's Order.

On October 15, 2013, Muller filed the present motion, arguing, in part, that the Court should not have decided Defendants' fully briefed Motion to Dismiss because, the day before the Court's ruling, Muller filed a "Combined Motion to Dismiss and Motion to Strike Defendant's Affirmative Defenses . . ." that the Court was required to review. [Doc. 23]. Muller's Motion to Dismiss/Strike was given a filing date of October 3, 2013, based on the date of receipt. But, it was not docketed until later on October 4, 2013, after the Court already issued its Memorandum Opinion and Order dismissing Muller's lawsuit. [Doc. 23, Notice of Electronic Filing Receipt.] Thus, the Court never saw Muller's Motion to Dismiss/Strike until after entering Judgment in favor of Defendants.

However, it matters not. Muller's Motion to Dismiss/Strike affirmative defenses in Defendants' reply supporting their Motion to Dismiss is a surreply, notwithstanding Muller's characterization of the motion. Had the Court seen Muller's Motion to Dismiss/Strike before entering its ruling on Defendants' Motion to Dismiss, it would have construed his Motion as an unauthorized surreply and stricken it. This District's local rules specifically require leave of Court to file a surreply. D.N.M.LR-Civ. 7.4(b). Muller did not request or receive leave of Court to file the surreply.

Moreover, Defendants' Motion to Dismiss was fully briefed when the Court issued its ruling. There was no requirement that the Court wait for Muller to file additional opposition to the motion after he already filed a response. *See* D.N.M.LR-Civ. 7.1 and 7.3 (contemplating the filing of a motion, response, and reply).

2

In addition, once a motion is fully briefed, the Court is expected to act as expeditiously as possible in resolving the matter. *See* Fed. R. Civ. P. 1 (authorizing the Court to administer "the just, speedy, and inexpensive determination of every action and proceeding."). Further, the Court's decision to act on a fully briefed motion was appropriate based on its inherent authority to manage its docket. *See* In re Peterson, 338 F. App'x 763, 764 (10th Cir. July 24, 2009) (unpublished) (court is vested with inherent authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases). *See also* United States v. Nicholson, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion."); Sipp v. Unumprovident Corp., 107 F. App'x 867, 875 (10th Cir. Aug. 20, 2004) ("inherent authority of a district court to manage its own docket includes the discretion to determine which claims to consider") (unpublished).

Here, a ruling on the dispositive motion was consistent with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, in that it saved the parties time and money. The decision on the dispositive motion also preserved judicial resources.

The Court further observes that Muller's present Motion to Reopen merely reargues the merits of his allegations against Defendant and the positions he already set out in his response to Defendants' Motion to Dismiss. For example, he claims to have presented "evidence of genuine issues of material fact" in support of his claims. He argues that he established a "prima facie case of retaliation and pretext." [Doc. 25, at 2-3.] The Court

3

already considered and rejected these arguments in its dismissal of this proceeding. [Doc. 21.]

Muller's reply also reargues his previous positions. [Doc. 27.] The Court finds no basis to "reopen" the case nor the existence of any "harmful procedural error" as alleged by Muller. For the above-stated reasons, the Court will deny Muller's Muller's Motion to Reopen Case.

IT IS THEREFORE ORDERED that Muller's Motion to Reopen Case [Doc. 25] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge